## No. 312
## JEZERNIAC v. DUNN, JR, et al

Ohio Appeals, 9th Dist., Summit County
No. 786. Decided Jan. 8, 1924

851. NOTICE—Knowledge held not implied of synonym of name in foreign language in record index.

811. NAMES—"Yucca" in deed record and "Julia" in execution record held not notice of each other.

1006. RECORDS—Idem sonans doctrine held not applicable to indexes of deed and execution records.

FUNK, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action by Margaret Jezerniac to determine the priority of liens and to sell

## STATE COURT OF APPEALS—Continued

certain property in Akron for the payment of her judgment. In 1917 plaintiff obtained a judgment in the Cuyahoga Common Pleas against Yuca Garcheu under the name of Julia Garchev. In October, 1817, plaintiff had a foreign execution issued from the Cuyahoga Common Pleas to the sheriff of Summit county and had property of the defendant levied upon. The sheriff of Summit county properly indexed the judgment in his foreign execution docket under the name of Julia Garchev. In this docket all the surnames are indexed at one place without reference to the Christian name.

Prior to this levy the premises in question had been deeded to Obrad Garcheu and Yuca Garcheu, so that at the time of the levy Yuca Garcheu owned only an undivided half interest therein. Subsequently to the levy the owner sold the property and the same was re-sold and re-conveney three or four times. Several of the owners mortgaged the property after the levy had been made and had an Abstract Company furnish an abstract or certificate of title which did not show levy of plaintiff. The only question which presented itself was whether the doctrine of idem sonans applied to the case, although the one name begins with "Y" and the other with "J". The lower court held that the mortgagee's and grantee's claims were superior to the claim of the judgment creditor, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. The law contemplates that indexes shall be kept in English according to the first letter of the name and it does not impose upon anyone who searches the record the duty of knowing the synonym for one's Christian or surmane in foreign languages.

2. The doctrine of idem sonans is not applicable in this case, but the rule in regard to recorded instruments that the index required by the General Code to be kept addresses itself to the eye rathan than to the ear is the rule applicable in this case, and the foreign execution and levy having been indexed under the name of Julia was not notice to subsequent purchasers and mortgagees.

Attorneys—H. B. Harris, H. C. Glick and Austin & Kirkbridge, for Jezerinac; Anderson, Ormsby & Kennedy, Herberich, Burroughs & Bailey, and T. W. Wakeman, for Dunn, Jr., et al; all of Akron.